UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALBERTO GANAC | ) | |
| | ) | |
| v. | ) | No. 3:08-00712 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Vacate, Set Aside, Or Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"). After the Court appointed counsel, Petitioner filed a Supplemental Statement With Respect To Motion To Vacate Set Aside Or Modify Sentence (Docket Nos. 19), and a Notice Of Filing (Docket No. 22) certain records of the Tennessee Department of Corrections. The Government has filed response briefs. (Docket No. 7, 23).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with three separate counts of bank robbery, in violation of 18 U.S.C. § 2113(a). (Docket No. 12 in Case No. 3:07-00044)). Prior to trial, Petitioner entered into a Plea Agreement with the Government, in which the Petitioner agreed to plead guilty to all three counts of the Indictment. (Docket Nos. 20, 21 in Case No. 3:07-00044).

At the subsequent sentencing hearing, the Court determined that the Petitioner had 36 criminal history points under the Sentencing Guidelines based on a conviction for aggravated robbery in 1991, and 14 convictions for robbery-type crimes in 1996. (Transcript of Sentencing Hearing, at 10-14 (Docket No. 33 in Case No. 3:07-00044)). Consequently, the Court determined that Petitioner fell into Criminal History Category VI. (Id.) Because the Petitioner qualified as a Career Offender under Sentencing Guideline Section 4B1.1, however, the Court determined that he would have fallen into Criminal History Category VI in any event. (Id.)

The Court determined the resulting guideline range to be 151 to 188 months of imprisonment, and sentenced the Petitioner to a total term of 151 months of imprisonment. (Sentencing Transcript, at 14; Docket Nos. 28, 29, 33 in Case No. 3:07-00044). At the conclusion of the hearing, the Court advised the Petitioner of his right to appeal and that any notice of appeal had to be filed within ten days. (Transcript of Sentencing Hearing, at 33-34 (Docket No. 33 in Case No. 3:07-00044)). The record reveals that no appeal was taken by either the Petitioner or the Government.

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated on the following grounds: (1) a recent amendment to the Sentencing Guidelines results in a reduction in his criminal history score; (2) his prior convictions do not qualify him to be a Career Offender; and (3) he received the ineffective assistance of counsel.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to

2

have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

Case 3:08-cv-00712    Document 24    Filed 05/29/09    Page 3 of 11 PageID #: 169

statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Petitioner's Criminal History and Career Offender Designation

Petitioner argues that a recent amendment to the United States Sentencing Guidelines if applied to his case would reduce his criminal history score. Specifically, Petitioner contends that Amendment 709, which changed the language of Sentencing Guideline Section 4A1.2(a)(2),[2] has the effect of combining 14 of his prior convictions, all entered on May 3, 1996, into one. In addition, Petitioner argues that his other prior conviction, entered on August 29, 1991, is too old to be counted under Sentencing Guideline Section 4A1.2(e)(1), and therefore, he should not have been sentenced as a Career Offender. Petitioner argues that the Court has the authority to lower his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Section 1B1.10.

The Government argues that even though application of Amendment 709 would result in

---

[2] The version of Section 4A1.2(a)(2) and the accompanying Commentary applied at Petitioner's sentencing provided that prior sentences in related cases would be counted as one, and defined "related cases" as those involving offenses that occurred on the same occasion; were part of a single common scheme or plan; or were consolidated for trial or sentencing.
   Amendment 709 changed the language of 4A1.2(a)(2) and the accompanying Commentary to provide that prior sentences would be counted as a "single sentence" if the sentences resulted from offenses contained in the same charging instrument, or the sentences were imposed on the same day.
   The state court imposed sentence on the 14 prior convictions at issue here on the same day – May 3, 1996.

4

consideration of all Petitioner's May 3, 1996 convictions as a "single sentence," he cannot benefit from that revision because it is not one of those specifically listed in Section 1B1.10 as having retroactive effect. In addition, the Government points out, other courts have held that Amendment 709 should not be applied retroactively because it is a substantive amendment rather than a clarifying amendment.

Petitioner was sentenced on July 30, 2007 (Docket Nos. 28, 29, 33 in Case No. 3:07-00044), and Amendment 709 became effective on November 1, 2007. Thus, the revision was not applied at Petitioner's sentencing hearing.

Subsection (a) of revised Sentencing Guideline Section 1B1.10 provides, in pertinent part:

> (1) <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).[3] As required by 18 U.S.C.

---

[3] Section 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

\* \* \*

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

> § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Subsection (c) does not list Amendment 709 in the list of amendments covered by the policy statement. Thus, the revision may not be retroactively applied to reduce the Petitioner's sentence.

Furthermore, even if the Court were not to consider the provisions of 1B1.10, other courts have held that the revision to Section 4A1.2(a)(2) should not be applied retroactively to reduce a defendant's sentence. In <u>United States v. Smith</u>, 307 Fed. Appx. 966, 968-69 (6th Cir. Jan. 29, 2009), the Sixth Circuit explained that a subsequent revision to a Sentencing Guideline may be applied on review if the revision merely clarifies the law in existence at the time of sentencing, as opposed to working a substantive change in the law. Turning to the revision of Section 4A1.2(a)(2), the Court specifically held that the revision was a substantive, rather than a clarifying, amendment, and therefore, the revision would not be applied to the defendant, whose appeal was pending when the revision became effective. <u>Id.</u> <u>See</u> <u>also</u> <u>United States v. Wood</u>, 526 F.3d 82, 86-88 (3rd Cir. 2008)(". . . on the whole, the amendment introduces a new treatment of prior convictions that does not turn on relatedness, but rather on factors that would

Case 3:08-cv-00712   Document 24   Filed 05/29/09   Page 6 of 11 PageID #: 172

be obvious from the record, such as whether the offenses were charged together or were sentenced together."); Cantu v. United States, 2008 WL 2397629 (W.D. Mich. June 11, 2008).

Although Petitioner concedes that Amendment 709 is not listed in Section 1B1.10 among those amendments that are to be retroactively applied, he argues that the revision should nonetheless be applied to his case based on fundamental fairness and due process. In the absence of authority directing the retroactive application of the amendment based on these concepts, however, the Court denies Petitioner's request to reopen a final judgment.

The Government argues that even if the Court were to apply Amendment 709 retroactively, it would not result in a reduction to the Petitioner's sentence because he would still qualify as a Career Offender. According to the Government, Petitioner would still have the requisite two prior felony convictions of a crime of violence under Sentencing Guideline Section 4B1.1 – the May 3, 1996 aggravated robbery conviction and the August 29, 1991 aggravated robbery conviction. Petitioner argues that he does not qualify as a Career Offender because his August 29, 1991 conviction is outside the fifteen-year cutoff date set forth in Sentencing Guideline Section 4A1.2(e)(1).[4]

Section 4A1.2(e)(1) provides:

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being

---

[4] Section 4B1.2(c) provides that in applying the Career Offender requirement that the defendant have "two prior felony convictions," the court is to refer to the provisions of Section 4A1.1(a), (b) or (c) to determine whether the convictions should be counted separately. Section 4A1.2 provides definitions and instructions for applying Section 4A1.1.

incarcerated during any part of such fifteen-year period.[5]

The Pre-Sentence Investigation Report indicates that Petitioner was sentenced on August 29, 1991 to eight years of imprisonment for aggravated robbery, and that he was released on parole on August 1, 1993. The Report further indicates that Petitioner's parole was revoked on January 30, 1995, and that Petitioner's resulting sentence expired on April 18, 1996. Petitioner committed the "instant offenses" in January, 2007. (Docket No. 1 in Case No. 3:07-00044). Consequently, the 1991 aggravated robbery conviction was counted as one of Petitioner's prior convictions, applying the provisions of Section 4A1.2(e)(1), because Petitioner was incarcerated for the 1991 conviction during a part of the fifteen-year period prior to the commencement of the January, 2007 offenses.

Petitioner challenges the assertion in the Pre-Sentence Investigation Report that his parole for the 1991 offense was revoked. Petitioner asserts that he was told at his appearance before the hearing officer on December 22, 1994 that his hearing would be continued subject to a "time-setting" hearing. (Petitioner's Supplemental Statement With Respect To Motion To Vacate, Set Aside Or Modify Sentence, at 7 (Docket No. 19)). The records of the Tennessee Department of Corrections, which Petitioner has filed with his brief, however, do not support this assertion. A document of the Board of Paroles, Parole Hearing Division entitled "Notice Of Board Action Revocation/Time Setting/Post Parole Rescission Hearing" indicates that a hearing was held on December 22, 1994, which lasted 35 minutes, and that during the hearing, the

---

[5] Section 4A1.2(k)(2)(B) provides that in determining whether a prior sentence was within fifteen years of the instant offense under Section 4A1.2(e)(1), the court is to refer to the date of last release from incarceration when a defendant is incarcerated after revocation of parole.

8

hearing officer heard "testimony and evidence presented by P.O. and testimony of subject." (Docket No. 9-1, at 33). The document further indicates under "P.O. Recommendation," "Revoke parole. Reschedule for time setting. Subject has three pending felony charges and may need a time setting hearing." (Id.) Three Board members each initialed the document under the heading indicating they "adopted" the recommendation to revoke Petitioner's parole. (Id.) The initials were dated January 17, 1995, January 20, 1995, and January 25, 1995, respectively. (Id.) In a separate document, the Department indicates that the Petitioner was moved from the Memphis Parole Office to the Shelby County Criminal Justice Center on January 30, 1995 and that the reason for the move was "parole revoked." (Docket No. 9-1, at 32). Another document indicates that the Petitioner was discharged from the Shelby County Criminal Justice Center on April 18, 1996 at the expiration of his sentence. (Docket No. 9-1, at 34).

Although the records indicate the Board may have considered setting another hearing in the future, the Court concludes that these records support the conclusion of the Pre-Sentence Investigation Report that the Board revoked Petitioner's parole for the August 29, 1991 offense in January, 1995, and that Petitioner served a sentence for that offense until April 18, 1996. Because April, 1996 is within fifteen years of January, 2007, the commencement of the federal offenses, Petitioner's August 29, 1991 conviction was properly counted as a prior conviction for purposes of Petitioner's Career Offender determination. Therefore, Petitioner's argument that he does not qualify as a Career Offender is without merit.

D. <u>Ineffective Assistance of Counsel</u>

Although the Petitioner does not raise the argument in his latest brief, the Petitioner asserted a claim for ineffective assistance of counsel in his Motion To Vacate (Docket No. 1)

9

based on counsel's failure to challenge the Career Offender determination at sentencing.

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

As the Court has found Petitioner's argument regarding his criminal history to be without merit, counsel was not ineffective for any failure to challenge the Career Offender designation. See, e.g., Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998)(Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel). Accordingly, this claim is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial

10

Case 3:08-cv-00712 Document 24 Filed 05/29/09 Page 10 of 11 PageID #: 176

of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

11